IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| IN THE MATTER OF:<br><br>GREGORY S. SPILKER and LAURIE ANN SPILKER,<br><br>Debtor(s). | CASE NO. BK26-40426-TLS<br><br>CHAPTER 12<br><br>ADV. NO. A26-4005-TLS |
| GREGORY S. SPILKER and LAURIE ANN SPILKER,<br><br>Plaintiff(s)<br><br>vs.<br><br>HEARTLAND BANK, a Nebraska bank; ARCHER DANIELS MIDLAND COMPANY d/b/a ADM GRAIN COMPANY, a Delaware corporation; and FARMERS COOPERATIVE, a Nebraska corporation,<br><br>Defendants(s). | **ORDER** |

This matter is before the court on the Rule 12(b)(6) motion to dismiss for failure to state a claim filed by defendant Archer-Daniels-Midland Co. ("ADM") (Fil. No. 8) and the amended motion to dismiss under Rule 12(b)(6) filed by defendant Heartland Bank (Fil. No. 16). No resistance was filed to either motion. Joseph R. Quinn represents ADM, Richard P. Garden, Jr., represents Heartland Bank, and the debtors are self-represented.

The motions are granted.

Background

This adversary proceeding continues a bitter and already-litigated dispute between the Spilkers and Heartland Bank over checks representing the proceeds of grain in which the bank and the debtors claim competing interests. The short[1] version of the background of this case is as follows:

The Spilkers executed two promissory notes to Heartland Bank in 2024; one was an operating line of credit and the other was a consolidation note. Both notes were secured by a blanket agricultural security agreement signed by both Spilkers on April 12, 2024, and the consolidation loan was additionally secured by two deeds of trust on a parcel of farmland. The

_____

[1] A fuller recitation of the underlying facts can be found in the court's order granting Heartland Bank's motion for summary judgment in Case No. A26-4003 (Fil. No. 17 in that case).

bank filed U.C.C. financing statements to perfect its security interests. The Spilkers defaulted on those loans.

Greg Spilker filed a Chapter 12 bankruptcy case in April 2025. Heartland Bank obtained relief from the automatic stay and scheduled trustee's sales of the real estate collateral for October 2025. Laurie Spilker then filed a Chapter 13 petition to halt the sales. The bank obtained relief from the stay in that case to sell one tract of land owned only by Greg Spilker. The bank and Laurie Spilker settled the remainder of the motion for relief, with one of the stipulations being that Heartland Bank would be named as an additional payee for any farm products sold. Greg Spilker's Chapter 12 case was dismissed for cause in January 2026 on Heartland Bank's motion alleging failure to timely file a plan, failure to account for the bank's collateral, and no reasonable likelihood of rehabilitation.

The bank then became aware that Laurie Spilker was using a separate bank account to circumvent the bank's security interests and was refusing to turn over grain checks representing proceeds of the sale of the bank's collateral. The bank filed another motion for stay relief. After a trial, the court granted the bank's motion for relief, denied the debtor's motion to use cash collateral (which included grain proceeds from the 2023, 2024, and 2025 crops), denied confirmation of the debtor's plan, and granted the Chapter 13 trustee's motion to dismiss the case in early March 2026.

Prior to the dismissal of Laurie's bankruptcy case, the bank filed an adversary proceeding to recover three checks held by the debtors representing the proceeds of the sale of 2025 crops to ADM. Laurie resisted, stating that the bank did not provide funding for the 2025 crops and its security interest was inferior to liens held by input providers, and that she and Greg intended to use the 2025 crop proceeds to plant the 2026 crop and pay the bank through a bankruptcy plan. Farmers Cooperative was also named as a defendant in that adversary proceeding. It filed a proof of claim asserting a statutory fertilizer and ag chemical lien on the 2024 and 2025 crops.

The bank moved for summary judgment in the adversary proceeding, which was granted in March 2026 on the basis that the bank's financing documents and security agreements gave the bank rights to all proceeds from the sale of any collateral, including all crops "grown, growing, or to be grown." The court found the Spilkers had no rights to the grain proceeds and directed them to sign the checks over to the bank. The court also ruled that Heartland Bank's prior perfected security interest in the crops and proceeds had priority over the cooperative's lien. Sensing that the debtors may be reluctant to turn the checks over to Heartland Bank, the court added a sentence to its judgment authorizing the bank to seek replacement checks payable only to itself: "Heartland Bank may use this Judgment to obtain replacement checks from ADM payable only to Heartland Bank, and ADM may void and/or stop payment on the previously issued checks." Judgment of Mar. 26, 2026 (Fil. No. 18 in Case No. A26-4003, at 2).

Unwilling to give up the fight, the Spilkers filed a state court lawsuit against the bank, the cooperative, and ADM shortly after Laurie's bankruptcy case was dismissed and before this court granted summary judgment to the bank. The complaint for declaratory judgment was filed pro se[2]

---

[2] The Spilkers have represented themselves in all relevant court cases except for the early stages of the two bankruptcy cases filed prior to this one.

in the District Court of Gage County, Nebraska, asking that court to accept possession of the crop proceeds and prevent any party from taking control of or converting the proceeds until the parties' respective interests in those proceeds could be determined. The Spilkers are unwilling or unable to accept that as a matter of law the promissory notes and blanket security agreement they signed for Heartland Bank in 2024 give the bank superior rights in, among other things, crop proceeds from and after 2024, even if the bank has not provided operating funds for those crop years.

The Spilkers also filed the current Chapter 12 case in April 2026. Heartland Bank promptly removed the Gage County case to this court as an adversary proceeding related to the pending bankruptcy case. This is the lawsuit presently before the court.

The "universe of factual sources that may be considered in adjudicating" a Rule 12(b)(6) motion[3]

When adjudicating a Rule 12(b)(6) motion, the general rule is that the court looks only at the facts in the complaint and draws all reasonable inferences in the plaintiffs' favor. *Kelly v. City of Omaha, Neb.*, 813 F.3d 1070, 1075 (8th Cir. 2016). Reviewing materials beyond the four corners of the pleadings generally transforms a Rule 12(b)(6) motion into a motion for summary judgment. Fed. R. Civ. P. 12(d).[4] However, the court may consider relevant materials that are embraced by the complaint, as well as "matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint whose authenticity is unquestioned." *Miller v. Redwood Toxicology Lab'y, Inc.*, 688 F.3d 928, 931 n.3 (8th Cir. 2012).

In deciding these motions to dismiss, the court reviewed its summary judgment order in *Heartland Bank v. Laurie Spilker*, Case No. A26-4003, along with the materials relating to the bank's summary judgment motion in that case, and the records in Greg Spilker's bankruptcy case at Case No. 25-40387 and Laurie Spilker's bankruptcy case at Case No. BK25-41113.

The motions to dismiss

ADM and Heartland Bank each moved to dismiss this adversary proceeding for failure to state a claim upon which relief could be granted pursuant to Federal Rule of Civil Procedure 12(b)(6), pointing to the doctrines of issue preclusion and claim preclusion, which are designed to prevent parties from relitigating matters that have already been decided. The two motions are substantively the same and will be addressed together.

---

[3] *Futo v. U.S. Bancorp*, ___ F. Supp. 3d ___, 2026 WL 252424, at *2 (D. Minn. Jan. 30, 2026).

[4] That rule says:

(d) Result of Presenting Matters Outside the Pleadings. If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal* at 678.

A court may dismiss an action under Rule 12(b)(6) if the complaint (including public records and documents it embraces) establishes that the plaintiff's claims are precluded. *C.H. Robinson Worldwide, Inc. v. Lobrano*, 695 F.3d 758, 763–64 (8th Cir. 2012).

Here, the Spilkers are not alleging anything new. They argue, as they have in every legal proceeding to date, that Heartland Bank did not advance funds for planting or harvesting the 2025 crop yet asserts a primary right to the proceeds ahead of entities who provided inputs or services in connection with the crop. The Spilkers deny having granted any rights to Heartland Bank in the 2025 proceeds, and allege without evidence that Heartland Bank will rely on a "fraudulent document" to force ADM to re-issue the 2025 crop proceeds checks in the bank's name only. It is unclear what "fraudulent document" the Spilkers are referring to, but it seems likely the offending document is this court's judgment authorizing the bank to seek replacement checks from ADM in the bank's name only. *See* Fil. No. 18 in Case No. A26-4033. A party's disagreement with a court order does not render that order fraudulent or invalid. The Spilkers did not appeal that order to a higher court, so it stands as a final and valid order.

The court system is designed to conclusively resolve disputes between parties. It is not designed to decide the same disputes between the same parties *ad infinitum*. "A fundamental precept of common-law adjudication, embodied in the related doctrines of collateral estoppel and res judicata, is that a right, question or fact distinctly put in issue and directly determined by a court of competent jurisdiction cannot be disputed in a subsequent suit between the same parties or their privies." *Montana v. United States*, 440 U.S. 147, 153 (1979) (cleaned up).[5] "To preclude parties from contesting matters that they have had a full and fair opportunity to litigate protects their adversaries from the expense and vexation attending multiple lawsuits, conserves judicial resources, and fosters reliance on judicial action by minimizing the possibility of inconsistent decisions." *Id.* at 153-54. Put another way, filing the same lawsuit in a different forum in the hopes of finding a judge who will see things your way is a burden on the opposing parties and on the courts involved.

When determining the preclusive effect of a previous judgment, the law of the forum rendering that judgment controls the analysis. *Schwartz v. Bogen*, 913 F.3d 777, 781 (8th Cir. 2019). "The preclusive effect of a federal-court judgment is determined by federal common law." *Cornice & Rose Int'l, LLC v. Four Keys, LLC*, 76 F.4th 1116, 1121 (8th Cir. 2023) (quoting *Taylor v. Sturgell*, 553 U.S. 880, 891 (2008)).

Under federal common law, the doctrine of claim preclusion applies when (1) the first suit resulted in a final judgment on the merits; (2) the first suit was based on proper jurisdiction; (3) both suits involve the same parties (or those in privity with them); and (4) both suits are based

---

[5] Claim preclusion and issue preclusion are collectively referred to as "res judicata." *Taylor v. Sturgell*, 552 U.S. 880, 892 (2008).

upon the same claims or causes of action. *Elbert v. Carter*, 903 F.3d 779, 782 (8th Cir. 2018) (quotation omitted).

All four of those factors are met here. The summary judgment order and judgment entered in *Heartland Bank v. Laurie Spilker* is unquestionably a final judgment on the merits as it was not appealed. This court had proper jurisdiction over that lawsuit because the underlying bankruptcy case was filed in this court. The parties – the Spilkers, Heartland Bank, and Farmers Cooperative – are the same. ADM is a party not as to the substance of the parties' dispute but only because it wrote the checks at issue, and will need to write the replacement checks. Both lawsuits are based on the same claims, which boil down to the Spilkers' unwillingness to turn the proceeds over to Heartland Bank. Accordingly, res judicata prevents the Spilkers from attempting to relitigate the same matters in hopes of obtaining a more favorable outcome.

Likewise, each element of issue preclusion has been met in this case. Those elements are:

(1) the party sought to be precluded in the second suit must have been a party, or in privity with a party, to the original lawsuit;
(2) the issue sought to be precluded must be the same as the issue involved in the prior action;
(3) the issue sought to be precluded must have been actually litigated in the prior action;
(4) the issue sought to be precluded must have been determined by a valid and final judgment; and
(5) the determination in the prior action must have been essential to the prior judgment.

*Raynor v. Walker (In re Raynor)*, 602 B.R. 703, 708 (B.A.P. 8th Cir. 2019), *aff'd*, 805 F. App'x 448 (8th Cir. 2020).

The first factor is met because the Spilkers were parties to both cases. The central issue of the previous adversary proceeding was the validity, priority, and extent of the bank's security interest; the same issue is central to the present adversary proceeding, so the second factor is also met. This court resolved the dispute in the previous case on the merits with all parties having an opportunity to present evidence, by means of a valid and final[6] judgment, thus meeting the third, fourth, and fifth factors.

Because res judicata is dispositive in this case, the court has not addressed ADM's argument as to the debtors' lack of standing to bring claims against ADM.

---

[6] Availability of judicial review is merely one factor to consider in determining whether issue preclusion applies. *John Morrell & Co. v. Loc. Union 304A of United Food & Com. Workers, AFL-CIO*, 913 F.2d 544, 563 (8th Cir. 1990). Finality in the context of issue preclusion "may mean little more than that the litigation of a particular issue has reached such a stage that a court sees no really good reason for permitting it to be litigated again." *Id.* (citation omitted).

Conclusion

The complaint is dismissed on the grounds of res judicata. The dismissal of the complaint also disposes of any purported claims against Farmers Cooperative.

The debtors need to understand that the proceeds of the checks[7] issued by ADM on December 11, 2025, and December 18, 2025, belong to Heartland Bank. That is a judicially decided fact, as explained in the order of March 26, 2026, granting summary judgment to Heartland Bank. No other court is going to reverse that decision, or decide in the Spilkers' favor, at this point. The litigation over this issue needs to end, and the parties need to move forward. ADM is directed to promptly reissue those checks in Heartland Bank's name only, and void and/or stop payment on the previously issued checks. Any further action by the Spilkers to prevent or delay the bank's possession of those proceeds may result in sanctions against them.

IT IS ORDERED:

1.  The Rule 12(b)(6) motion to dismiss for failure to state a claim filed by defendant Archer-Daniels-Midland Co. (Fil. No. 8) is granted.

2.  The amended motion to dismiss under Rule 12(b)(6) filed by defendant Heartland Bank (Fil. No. 16) is granted.

3.  The amended complaint for declaratory judgment (Fil. No. 1) is dismissed.

4.  Separate judgment will be entered.

Date: June 8, 2026

BY THE COURT:

 /s/ Thomas L. Saladino
Bankruptcy Judge

Notice given by the court to:
    *Joseph R. Quinn      *Richard P. Garden, Jr.
    Gregory S. Spilker    Laurie Ann Spilker
    United States Trustee

*Movant is responsible for giving notice to other parties if required by rule or statute.

---

[7] A check for $56,868.13 was made payable to Greg Spilker, Farmers Cooperative, and Heartland Bank on December 11, 2025; a check for $44,246.20 was made payable to Laurie Spilker and Heartland Bank on December 11, 2025; and a check for $46,054.47 was made payable to Greg Spilker, Farmers Cooperative, and Heartland Bank on December 18, 2025.